**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**MEMPHIS DIVISION**

| | | |
|---|---|---|
| **MEMPHIS HOUSING AUTHORITY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case 2:14-cv-02397** |
| **AMERICAN  GUARANTEE** | ) | |
| **AND LIABILITY INSURANCE COMPANY,** | ) | **Judge Samuel H. Mays, Jr.** |
| | ) | **Magistrate Judge Tu M. Pham** |
| **Defendant.** | ) | |
| _____ | ) | **ORAL ARGUMENT REQUESTED** |
| | ) | |
| **AMERICAN GUARANTEE** | ) | |
| **AND LIABILITY INSURANCE COMPANY,** | ) | |
| | ) | |
| **Counterclaimant,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **MEMPHIS HOUSING AUTHORITY,** | ) | |
| | ) | |
| **Counterdefendant** | ) | |

**MEMPHIS HOUSING AUTHORITY'S RESPONSE IN OPPOSITION TO MOTION**
**FOR PROTECTIVE ORDER**

COMES NOW Plaintiff, Memphis Housing Authority ("MHA"), and respectfully submits this Response in Opposition to the Motion for Protective Order filed by American Guarantee and Liability Insurance Company ("American Guarantee") as follows:

**FACTS AND PROCEDURE**

On October 29, 2001, MHA retained Scruggs, a private security company, to provide security services at Jefferson Square. The Agreement for Security Services ("Agreement") between MHA and Scruggs took effect on November 1, 2001, and was to cover a period of one (1) year. *Id.* The Agreement contains the following provisions relevant to this case and motion:

8.9     Indemnity.  The Service Provider [Scruggs] shall defend, indemnify, and hold MHA harmless from and against any and all losses, costs (including litigation costs and attorneys' fees), claims, suits, actions, damages, liabilities,

and expenses ("Losses"), including but not limited to, those in connection with loss of life, bodily and personal injury or damages to property, that are caused wholly or in part by (1) the Service Provider's breach of the Contract, whether the breach arises from its own action or omissions, or that of the Service Provider's agents, including sub-consultants or employees, or **(2) the Service Provider's negligent acts or omissions in connection with its performance of the Contract.  This indemnity is intended to, inter alia, to afford MHA an indemnity against damages caused partly by the negligence of MHA, but shall not extend to damages caused solely by MHA's own negligence.**

8.9.1   If a third party asserts any claim against the Service Provider, Service Provider shall promptly notify MHA, in writing.  If Service Provider believes that the claim, whether justified or not, arises solely from the actions or omissions of MHA, rather than from the Service Provider's actions, omissions, or breaches, the Service Provider shall tender its defense of the claim to MHA.  **If MHA admits that the claim, whether justified or not, arises solely from its own actions or omissions,** it shall accept the tender of defense, and the Service Provider shall thereafter cooperate fully with MHA in its handling of the defense.  **Otherwise, the Service Provider shall conduct its own defense.  If it is ultimately determined by a court of competent jurisdiction, or in binding arbitration, or is agreed between MHA and the Service Provider, that the Losses associated with a claim arose solely from MHA's actions or omissions,** MHA shall indemnify the Service Provider for all resulting Losses, including, without limitation, all reasonable attorneys' fees incurred in defending the claims.

*Id* (emphasis added).

On or about July 15, 2001, American Guarantee issued an insurance policy to Scruggs relating to Scruggs' security and patrol business.  The policy issued by American Guarantee states:

We will pay those sums that the insured becomes legally obligated to pay as 'damages' because of 'bodily injury' or 'property damage' caused by an 'occurrence' that takes place during the policy period in the 'coverage territory,' or caused by the errors or omissions related to 'security guard operations' that take place during the policy period in the 'coverage territory.'

The policy also expressly states that liability assumed under an insured contract is covered by the policy.

On February 28, 2014, MHA filed a Complaint against American Guarantee in Shelby County Chancery Court, alleging that American Guarantee owes a duty to defend and indemnify MHA for damages arising out of an incident that occurred on March 7, 2002, based on an

insurance policy issued by American Guarantee to Scruggs Security and Patrol.[1]  On May 29, 2014, American Guarantee removed this case to the United States District Court for the Western District of Tennessee.  D.E. 1.  A Scheduling Order was entered on July 23, 2014, that, among other things, established deadlines for the completion of written discovery (February 14, 2015) and depositions (March 15, 2015).  D.E. 20, PID 191.  To date, no depositions have taken place.  On October 30, 2014, four and one-half months prior to the deposition deadline and before any meaningful discovery has taken place, American Guarantee filed a Motion for Summary Judgment.  D.E. 40.

On November 5, 2014, counsel for MHA emailed counsel for American Guarantee and requested available dates for the deposition of three former American Guarantee employees and a Rule 30(b)(6) representative of American Guarantee.[2]  To date, counsel for American Guarantee has not provided available deposition dates for the Rule 30(b)(6) deposition of an American Guarantee representative.

On November 26, 2014, MHA filed its Motion for Relief Pursuant to Fed. R. Civ. P. 56(d), requesting that this Court to deny American Guarantee's Motion for Summary Judgment, or alternatively, to defer consideration of same to allow MHA to conduct discovery necessary to fairly justify its opposition to summary judgment.  D.E. 43.  On November 26, 2014, MHA also filed its Response in Opposition to Motion for Summary Judgment.  D.E. 44.  MHA's Response in Opposition to Motion for Summary Judgment, should the Court deny MHA's Rule 56(d) Motion for Relief.  D.E. 44, PID 1066-67.  Also on November 26, 2014, MHA filed a Notice Duces Tecum to Take Deposition of an American Guarantee Representative Pursuant to Fed. R.

---

[1] On March 7, 2002, a Scruggs' security officer was involved in an altercation which leg to the shooting of Charles Brown, a tenant of a MHA residential complex.  Mr. Brown's estate brought suit against MHA and Scruggs, American Guarantee's insured.  That underlying action is currently pending in Shelby County Circuit Court.
[2] MHA requested the last known address for three former employees of American Guarantee, Charlene Dillow, Laura Cooper, and James Willging, as well as available dates for a Rule 30(b)(6) representative of American Guarantee.  To date, American Guarantee has not provided the requested last known addresses or any available deposition dates.

Civ. P. 30(b)(2) and 30(b)(6).  D.E. 42.  Because counsel for American Guarantee failed to in any way respond to MHA's request for available dates for this deposition for several days, MHA noticed the deposition for December 19, 2014, in order to move discovery forward in this case and to failure oppose American Guarantee's Motion for Summary Judgment.

In response to MHA's Notice Duces Tecum, American Guarantee filed a Motion for Protective Order seeking to indefinitely delay the deposition of the Rule 30(b)(6) American Guarantee representative.  D.E. 47.  American Guarantee did not ask to reschedule this deposition.  Instead, American Guarantee seeks to delay this crucial deposition until after this Court has ruled on American Guarantee's premature motion for summary judgment while prohibiting MHA from receiving any discovery at all.

## LAW AND ARGUMENT

American Guarantee, as of the date of this filing, has never provided counsel for MHA with any available dates for the deposition of an American Guarantee representative despite a written request by MHA on November 5, 2014.  Although it is clear that counsel for American Guarantee has spoken with the designated Rule 30(b)(6) representative regarding deposition dates[3], counsel has yet to provide any alternate dates to counsel for MHA.  In fact, counsel for American Guarantee has failed or refused to respond to MHA's November 5, 2014 request for available dates.  Now, without ever providing available depositions dates, American Guarantee moves for a protective order which purports to indefinitely stay the deposition of any American Guarantee representative.  For American Guarantee to argue that this Court should indefinitely delay *all* depositions of *all* American Guarantee representatives until *after* this Court has ruled on American Guarantee's dispositive motion, filed well before the discovery deadline, begs the question of whether this motion was filed in good faith.

American Guarantee's motion is based on the following contentions:

---

[3] See footnote 5, infra.

4

1. MHA did not consult with counsel for American Guarantee prior to filing its Notice Duces Tecum;

2. MHA's Notice Duces Tecum seeks to "invade the attorney client privilege and the work product doctrine";

3. MHA has failed to demonstrate a need for the deposition of an American Guarantee representative; and

4. MHA's request for discovery is impermissible and should be denied based on *Federal Ins. Co. v. Sandusky*, 2013 U.S. Dist. LEXIS 29740 (M.D. Pa. Mar. 1, 2013).

As demonstrated below, each of American Guarantee's bases for protective order is ill-advised, erroneous and/or just plain false.

## I.   MHA did consult with counsel for American Guarantee regarding MHA's Notice Duces Tecum.

In its Motion for Protective Order, American Guarantee states:

Without consulting with undersigned counsel regarding the time or place of the deposition MHA has filed a "Notice Duces Tecum to Take Deposition of American Guarantee and Liability Insurance Company Representative" for December 19, 2014 in the offices of counsel for the Plaintiff MHA.

D.E. 47-1, PID 1220.  As an initial matter, it appears that counsel for American Guarantee is misapplying the consultation rule found in Local Rule 7.2 under the belief that it applies to the notices of depositions.  Local Rule 7.2 applies to motions.  A notice to take a deposition is not a motion and is not governed by Local Rule 7.2.  The United States District Court Guidelines for Professional Courtesy and Conduct, Section II, sets forth the suggested procedure for consulting with opposing counsel in scheduling hearings and depositions:

A lawyer should respect the schedule and commitments of opposing counsel, clients and the courts, thereby promoting the efficient administration of justice and public confidence in our profession.  To this end, a lawyer should:
**(a) Consult opposing counsel, when practical, before scheduling hearings and depositions.**
(b) Avoid unnecessary continuances of trials, hearings or depositions.
(c) Immediately notify opposing counsel and the court of scheduling conflicts.

Guidelines for Prof'l Courtesy and Conduct, Section II, 1 (emphasis added).  Contrary to American Guarantee's false response to this Court, MHA did, in fact, consult with counsel for American Guarantee in an attempt to secure a mutually agreeable date for the deposition in

5

question.[4]  Upon counsel for American Guarantee failing to respond to this request for twenty-two days, MHA, facing a premature motion for summary judgment by American Guarantee, moved forward with scheduling the deposition of this crucial witness.  To date, counsel for American Guarantee has not provided <u>any</u> alternative depositions dates.  It appears that counsel for American Guarantee is trying to force a ruling on American Guarantee's premature motion for summary judgment before ever providing MHA with depositions dates for any witness at all.

Second, American Guarantee's representation that MHA did not consult with counsel for American Guarantee prior to filing its Notice Duces Tecum is simply false.  On November 5, 2014, MHA informed counsel for American Guarantee that it needed to depose a Rule 30(b)(6) representative of American Guarantee and requested available dates for that deposition.  See Nov. 4, 2014 email, attached as Exhibit 1.  In fact, MHA attached this email, requesting available depositions dates from counsel for American Guarantee to its Memorandum in Support of Motion for Relief Pursuant to Fed. R. Civ. P. 56(d), which was filed and served on American Guarantee on November 26, 2014 well before American Guarantee's false representation to the Court.  D.E. 43-1, PID 1065.  American Guarantee did not respond to MHA's November 5th request for available deposition dates, and has not responded to this date.

On December 4, 2014, the date American Guarantee represents to this Court it made a "good faith attempt to resolve these matters prior to filing this Motion for Protective Order," counsel for American Guarantee sent an email stating:

> The Notice Duces Tecum you filed on the day before Thanksgiving seeks to improperly invade the attorney client privilege, the work product doctrine and the joint defense privilege, including "coverage decisions ", "communications" between American Guarantee and its insured Scruggs Security, and American

---

[4] To be very clear, as a matter of courtesy, not rule of practice, counsel for MHA would not notice a deposition without first consulting with opposing counsel or addressing alternative dates. Counsel for American Guarantee did not respond to MHA's counsel's request for available deposition dates for over three (3) weeks in the face of American Guarantee's Motion for Summary Judgment.  To this day, MHA would agree to reschedule the deposition date to accommodate counsel for American Guarantee (within reason) and the Rule 30(b)(6) representative if counsel for American Guarantee would simply asks.

> Guarantee's "investigation of the incident". We would request that you withdraw the Notice Duces Tecum.
>
> Moreover, American Guarantee's representative is unavailable to fly to Memphis for the noticed deposition because of his daughter's college graduation and a previously scheduled mediation. I am available to discuss most of today . We will have to file a Motion for Protective Order in the absence of your agreement. Please let me know by Friday December 5, 2014.

See December 4, 2014 emails, attached as Exhibit 2.  Counsel for MHA immediately responded as follows:

> What is your specific objection to the notice?
>
> And by that, what, specifically, violates any of those privileges you list? I obviously do not think questions as to coverage decisions made at any time are protected by any privilege. I'll be happy to look at any law you have on the issue. If you don't have any law I am not willing to withdraw the notice based on the one paragraph conclusion in your earlier email, however.
>
> As for the date, we asked you for dates with no response for weeks. What, exactly, were we supposed to do?

See Exhibit 2.  This is the entirety of American Guarantee's consultation.  American Guarantee did not explain its objection or request another date for the deposition.  It simply asked that MHA withdraw the Notice Duces Tecum with bold assertions of privilege and a failure to provider any explanation for same.  Counsel for American Guarantee had every opportunity to provide MHA with any available date for the deposition of an American Guarantee representative.  It appears that American Guarantee is not interested in allowing any depositions to be taken in this case.  For American Guarantee to represent that it was not "consulted" about the date of the deposition is disingenuous, at the very least.

## II.   MHA's Notice Duces Tecum does not invade the attorney client privilege and work product doctrine.

American Guarantee argues that the Notice Duces Tecum filed by MHA seeks to invade the attorney client privilege and work product doctrine because it requests documents relating to coverage decisions, communications regarding coverage decisions, and documents relating to the investigation of the incident occurring on March 7, 2002 involving a Scruggs' (American Guarantee's insured) security officer was involved in an altercation causing the death of Charles

Brown, leading to this entire ordeal. American Guarantee cited no law, from this jurisdiction or any other jurisdiction, for the proposition that any documents relating to an insurance companies investigation, coverage decisions, or claim denial are protected by the attorney client privilege or the work product doctrine. MHA suggests that American Guarantee's failure to cite any case law is telling. There exists an abundance of case law to the contrary.

    A. **American Guarantee has not complied with the requirements of Fed. R. Civ. P. 26 for withholding information based on a claim of privilege.**

Federal Rule of Civil Procedure 26(b)(5)(A) sets forth the standard for withholding material or documentation based on a claim that such materials are privileged. Rule 26(b)(5)(A) states:

> *Claiming Privilege or Protecting Trial-Preparation Materials*
> (A) *Information Withheld.* When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, **the party must**:
> > (i) expressly make the claim; and
> > (ii) **describe the nature of the documents, communications, or tangible things not produced or disclosed — and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claims.**

Fed. R. Civ. P. 26(b)(5)(A) (emphasis added). This Court has clearly held that "a party withholding information on the grounds of attorney-client privilege **must** comply with the requirements of Rule 26(b)(5)(A)." *Sid Mike 99 L.L.C. v. Suntrust Bank*, 2009 U.S. Dist. LEXIS 93364, *16 (U.S. Dist. W. Tenn. Oct. 6, 2009) (emphasis added). Although American Guarantee contends that all of the documents requested by MHA "invade the attorney client privilege," it has failed to provide a privilege log of any type as required by the Federal Rules of Civil Procedure and this Court.

    B. **American Guarantee has not demonstrated that the documents requested by MHA are protected by the attorney client privilege or the work product doctrine.**

The truth of the matter is the requested documents are not protected by either the attorney client privilege or the work product doctrine. American Guarantee has not offered any explanation at all as to how or why the requested documents violate the attorney client privilege

or work product doctrine.  It is well settled that the burden of establishing the existence of an attorney client privilege rests with the party asserting the privilege.  *United States v. Krug*, 379 Fed. Appx. 473, 478 (6th Cir. 2010).  American Guarantee has done nothing more than make broad assertions that the documents requested by MHA violate the attorney client privilege and/or work product doctrine.  American Guarantee's Motion for Protective Order should be denied on this basis alone.  *See Krug*, 379 Fed. Appx. at 478-79 (holding a defendant could not rely on the attorney client privilege because he had not produced sufficient evidence that the conversations in questions were part of a legal relationship to receive legal advice).

    C.  The documents requested by MHA are not protected by the attorney client privilege or the work product doctrine.

Even if American Guarantee had complied with the Federal Rules of Civil Procedure and the case law in withholding information based on a claim of privilege, the information it seeks to withhold is simply not subject to the attorney client privilege or the work product doctrine.  Claims of attorney client privilege and work product are to be narrowly construed because each of these privileges reduces the amount of discoverable information.  *Tenn. Laborers Health & Welfare Fund v. Columbia/Hca Healthcare Corp.*, 293 F.3d 289, 294 (6th Cir. 2002).  Narrowly construing American Guarantee's claims of privilege, it is clear that the privileges asserted do not apply.

The attorney client privilege applies only in instances where the communication between the attorney and the client involves the seeking or providing of legal advice.  *United States v. Bartone*, 400 F.2d 459, 461 (6th Cir. 1968).  The Sixth Circuit, in *United States v. Bartone*, 400 F.2d 459, 461 (6th Cir. 1968), stated:

> **The mere fact that a person is an attorney does not render as privileged everything he does for and with a client.**  Ministerial or clerical services such as those testified to here are not within the privilege.

*Bartone*, 400 F.2d at 461 (emphasis added).  It is clear that unless the communication between the attorney and client is seeking or providing legal advice, the attorney client privilege does not apply.[5]

The work product doctrine only applies if the party seeking protection **proves** the documents sought were prepared by or for legal counsel in anticipation of litigation.  Fed. R. Civ. P. 26(b)(3)(A); *The Tennessean v. Tenn. Dep't of Pers.*, 2007 Tenn. App. LEXIS 267, *31 (Tenn. Ct. App. Aug. 18, 2006) (emphasis added).  Thus, if the documents were not created by or at the direction of legal counsel or if the documents were not prepared in anticipation of litigation, the work product doctrine does not apply.[6]  For example, if the documents were created in the course of regular business, the work product doctrine would not apply.

That an insurance company's documents relating to coverage and investigation **are not protected** by the attorney client privilege and the work product doctrine is well settled.  In *National Union Fire Ins. Co. of Pittsburgh, Pa. v. TransCanada Energy USA, Inc.*, 119 A.D.3d 492 (N.Y. App. Div. 2014), the Supreme Court of New York stated:

> Documents prepared in the ordinary course of an insurer's investigation of whether to pay or deny a claim are not privileged, and do not become so merely because the investigation was conducted by an attorney.

*National Union Fire Ins. Co. of Pittsburgh, Pa. v. TransCanada Energy USA, Inc.*, 119 A.D.3d 492, 492 (N.Y. App. Div. 2014).  In *Brooklyn Union Gas Co. v. American Home Assur. Co.*, 23 A.D.3d 190, 191 (N.Y. App. Div. 2005) the Supreme Court of New York Stated:

> Reports of insurance investigators or adjusters, prepared during the processing of a claim, are discoverable as made in the regular course of the insurance company's business.  **Furthermore, attorney work product applies only to documents prepared by counsel acting as such, and to materials uniquely the product of a lawyer's learning and professional skills, such as those reflecting an attorney's legal**

---

[5] Because American Guarantee failed to provide a privilege log in accordance with Fed. R. Civ. P. 26(b)(5)(A), there is no information regarding what any attorney did or said as it relates to the documents requested by MHA.  It appears that American Guarantee would prefer MHA and this Court "take its word for it" regarding the nature of these documents.

[6] Again, because American Guarantee failed to provide a privilege log, there is no information regarding the role attorneys played as it relates to the documents requested by MHA.

> **research, analysis, conclusions, legal theory or strategy**. Documents
> prepared in the ordinary course of an insurance company's investigation to
> determine whether to accept or reject coverage and to evaluate the extent of a
> claimant's loss are not privileged, and, therefore, discoverable. **In addition,
> such documents do not become privileged merely because an
> investigation was conducted by an attorney. Moreover, in order for
> attorney-client communications to be privileged, the document must
> be primarily or predominantly a communication of a legal character.**

*Brooklyn Union Gas Co. v. American Home Assur. Co.*, 23 A.D.3d 190, 191 (N.Y. App. Div.

2005) (internal citations removed) (emphasis added).

Here, the documents requested by MHA relate to American Guarantee's decisions

relating to insurance coverage (specifically the multiple denials by American Guarantee of

coverage for MHA) and the investigation done by American Guarantee into the March 7, 2002

incident involving a Scruggs' security guard on which those coverage decisions were made.

These documents were created in the course of American Guarantee's normal business as an

insurance company. The documents requested by MHA are not predominantly of a legal

character and were not created in anticipation of litigation.

American Guarantee's Motion for Protective Order fails for the following reasons:

1. American Guarantee did not provide a privilege log as required by Fed. R. Civ. P.
   26(b)(5)(A) and established case law;

2. American Guarantee did not produce any proof whatsoever that an attorney client
   privilege exists or that the documents requested are attorney work product as required
   by established case law;

3. The attorney client privilege does not apply because the requested documents are not
   seeking or giving legal advice;

4. The work product doctrine does not apply because the requested documents are not
   predominantly of a legal character and were produced in American Guarantee's normal
   course of business as an insurance company.

## III.   MHA has clearly demonstrated its need for discovery.

In its Motion for Protective Order, American Guarantee states the following:

"MHA has failed to show that is has a need for the deposition on December 19, 2014."[7]  D.E. 47, PID 1217.

"MHA has failed to disclose what non-privileged material it hopes to uncover on December 19, 2014."  D.E. 47, PID 1217.

"In this case MHA has failed to show that it has the need for discovery except by way of bald conclusions."  D.E. 47, PID 1223.

"Just as in the *Classy Lady* case MHA has failed to disclose what material facts it hopes to undercover (sic)."  D.E. 47, PID 1223.

This is another patently false assertion by American Guarantee which is easily disposed of.[8]

In MHA's Memorandum in Support of Memphis Housing Authority's Motion for Relief Pusurant to Fed. R. Civ. P. 56(d), MHA stated:

In order to fairly justify MHA's opposition to American Guarantee's Motion for Summary Judgment, MHA also requires the identity of each employee, agent, servant, and representative of American Guarantee who:

(1) took part in the writing, issuing, and investigating of the insurance policy issued by American Guarantee to Scruggs Security and Patrol, LLC;

(2) took part in all coverage decisions in the underlying claim, specifically with regard to MHA;

(3) communicated with MHA or its representatives regarding the underlying shooting which occurred on March 7, 2002 and/or whether coverage existed as to MHA under the policy of insurance issued to Scruggs Security and Patrol, LLC by American Guarantee.

D.E. 43-1. PID 1057-58.  MHA went on to explain that the testimony sought is essential to MHA's fair opposition to American Guarantee's premature motion for summary judgment which is based primarily on the tolling of the applicable statement of limitations by Tennessee's discovery rule and/or American Guarantee's fraudulent concealment.  D.E. 43-1, PID 1058.

---

[7] To be clear, MHA has never insisted on December 19th as the date of the Rule 30(b)(6) deposition.  This date was chosen randomly because counsel for American Guarantee did not respond to MHA's request for available deposition dates.

[8] It is ridiculous for American Guarantee to argue that MHA has not disclosed what material it hopes to discover during the Rule 30(b)(6) deposition of American Guarantee because **American Guarantee quotes the list of documents  requested by MHA.**  D.E. 47, PID 1216.

Further, MHA's Notice Duces Tecum sets forth the documents needed to fairly justify its opposition to American Guarantee's Motion for Summary Judgment.  MHA's Notice Duces Tecum requests the following documents:

> 1.     All documents relating to all coverage decisions or determinations made related to the insurance policy issued by American Guarantee and Liability Insurance Company or its parent company, Zurich American Insurance Company to Scruggs Security and Patrol, policy number EOL3747442-00;
>
> 2.     All correspondence between American Guarantee and Liability Insurance Company or its parent company, Zurich American Insurance Company and Memphis Housing Authority or its third party administrator, Tenco Services, Inc. relating in any way to the insurance policy issued by American Guarantee and Liability Insurance Company or its parent company, Zurich American Insurance Company to Scruggs Security and Patrol, policy number EOL3747442-00;
>
> 3.     All correspondence, internal notes, memorandum, emails, letters, or other communications between American Guarantee and Liability Insurance Company or its parent company, Zurich American Insurance Company and Scruggs Security and Patrol or Scruggs lawyers related in any way to coverage under the insurance policy issued by American Guarantee and Liability Insurance Company or its parent company, Zurich American Insurance Company to Scruggs Security and Patrol, policy number EOL3747442-00;
>
> 4.     All correspondence, internal notes, memorandum, emails, letters, or other communications made or received by the employees, agents, and/or servants of American Guarantee and Liability Insurance Company or its parent company, Zurich American Insurance Company regarding the investigation of the incident involving a Scruggs Security and Patrol security officer occurring on March 7, 2002 and coverage for all entities including MHA.

D.E. 42, PID 1050-51.

MHA has demonstrated the facts it hopes to discover and its need to do so.  It is clear that American Guarantee's goal is to have this case dismissed before MHA has the opportunity to conduct one deposition.  For this reason, American Guarantee's Motion for Protective Order should be denied.

## IV.    *Federal Ins. Co. v. Sandusky*

American Guarantee relies on *Federal Ins. Co. v. Sandusky*, 2013 U.S. Dist. LEXIS 29740 (M.D. Pa. Mar. 1, 2013), the civil case of convicted child molester Jerry Sandusky, for support of its argument that MHA is not entitled to conduct even one single discovery

deposition prior to a ruling on American Guarantee's dispositive motion.[9]   American Guarantee's reliance on this case is wholly misplaced.  While the court in *Sandusky* did deny the defendant's request for discovery, the facts surrounding that case, as well as the reasoning behind the court's decision, are entirely different from the case at bar.

In *Sandusky*, the plaintiff, an insurance company and not an insured, brought suit seeking a declaration that the insurance company was not obligated to provide insurance coverage for Jerry Sandusky, the insured, arising from the criminal and civil cases brought against him for his sexual abuse and molestation of children.  *Sandusky*, 2013 U.S. Dist. LEXIS 29740, *1.  The insurance policy at issue provided coverage for a non-profit organization and its directors for wrongful acts committed by directors in their capacity as directors.  *Id* at *2.  After the insurance company filed a motion for summary judgment, the defendant, Sandusky, filed a Rule 56(d) Declaration, seeking the opportunity to conduct discovery.[10]   *Id* at *23-24.  Sandusky sought discovery he alleged would show the insurance company intended that the policy in question would provide coverage for litigation stemming from sexual misconduct.  *Id*.  The court in *Sandusky* denied the defendant's request to conduct discovery for one very specific reason: the insurance policy clearly and unambiguously limited coverage to acts by an insured in his or her capacity as such, and Sandusky was clearly acting outside his capacity as a director when he sexually abused and molested children.  The *Sandusky* court stated:

> **Even if Defendant's inquiries are resolved in his favor, permitting discovery will not alter the Court's conclusion that the Federal policy does not cover the acts in question**.  Sandusky makes no argument that disputed facts — if resolved in his favor — would support a finding that his acts served his employer's purpose rather than his own.  **Instead, Sandusky argues that the discovery he requests might support his theory that Federal intended to provide coverage for claims related to sexual abuse and molestation**.  While this may be true, such extrinsic evidence of Plaintiff's intent is not admissible **when the language of the policy at issue is clear and unambiguous**. As discussed in Part III.A, **the Court finds that the language of the insurance policy that Plaintiff issued to The Second Mile clearly and unambiguously limits coverage to those acts**

---

[9] And let's be clear, that is exactly American Guarantee's goal.
[10] This is the <u>only</u> similarity to the case at bar.

**done by an "Insured Person" in his or her capacity as such. In an unambiguous, written contract, the intent of the parties is to be ascertained by the document itself, without inquiry into extrinsic evidence**. Therefore, extrinsic information relevant to Plaintiff's intent is not material and cannot alter this Court's determination that the insurance policy does not provide coverage here. Accordingly, the Court will deny Defendant's Rule 56(d) request for more discovery.

For the reasons set forth above, the Court will grant Plaintiff's summary judgment motion. Upon review of the criminal and civil complaints lodged against Defendant Sandusky, **the Court is satisfied that the conduct at issue did not arise in Sandusky's capacity as an employee or executive of The Second Mile; therefore, the conduct at issue is beyond the scope of the insurance policy's coverage.**

*Sandusky*, 2013 U.S. Dist. LEXIS 29740, *24-26 (emphasis added). Because the insurance policy at issue clearly, by its expressed terms, did not provide coverage to Sandusky, the insurance company's intent in issuing said policy was irrelevant. No amount of discovery would change the policy's express terms to provide coverage.[11] Thus, the *Sandusky* court denied the Sandusky's motion for relief pursuant to Rule 56(d) because the discovery sought by the Sandusky was irrelevant to the motion for summary judgment.

In the present case, the discovery sought by MHA is directly relevant to its opposition to American Guarantee's motion for summary judgment. As pointed out repeatedly by American Guarantee, its motion for summary judgment is based on the statute of limitations and laches. D.E. 40, PID 889-90. As discussed in MHA's Memorandum in Support of Motion for Relief Pursuant to Fed. R. Civ. P. 56(d), MHA's opposition to summary judgment is based in large part on the tolling of the statute of limitations. D.E. 43-1, PID 1058. MHA's requested discovery is essential and completely relevant to American Guarantee's motion for summary judgment.

## V.   AMERICAN GUARANTEE HAS NOT MET THE STANDARD FOR A PROTECTIVE ORDER FOUND IN FED. R. CIV. P. 26(c).

Rule 26(c) of the Federal Rules of Civil Procedure states that "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression,

---

[11] Here, it is undisputed that the policy at issue provides coverage to MHA if MHA is not solely at fault for the underlying claim. American Guarantee has never denied this point.

15

or undue burden or expense . . ..” Fed. R. Civ. P. 26(c). The burden is on the party seeking the protective order to show good cause for the issuance of a protective order. *Nix v. Sword*, 11 Fed. Appx. 498, 500 (6th Cir. 2011). To demonstrate good cause, the moving party must articulate specific facts showing a clearly defined and serious injury resulting from the discovery sought and cannot rely on conclusory statements. *In re Skelaxin Antitrust Litig.*, 292 F.R.D. 544, 549 (E.D. Tenn. June 10, 2013) (quoting *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987) (internal citations removed).

American Guarantee has not met its burden under Rule 26(c) to prove good cause by articulating specific facts showing a clearly defined and serious injury. In fact, American Guarantee simply states, “Both the timing and the nature of the Notice Duces Tecum is oppressive and intended to harass American Guarantee and should not be allowed.” D.E. 47, PID 1216. This conclusory statement by American Guarantee is not sufficient to meet the burden of Rule 26(c) of demonstrating good cause. Thus, American Guarantee’s Motion for Protective Order should be denied.

## CONCLUSION

American Guarantee’s Motion for Protective Order, which seeks to indefinitely stay any discovery until after a ruling on its dispositive motion for summary judgment, should be denied for the following reasons:

1.      MHA consulted with counsel for American Guarantee in an attempt to secure a mutually beneficial date for the 30(b)(6) deposition of an American Guarantee representative. When counsel for American Guarantee did not respond to MHA’s request for available dates for three (3) weeks, MHA selected a date and noticed the 30(b)(6) deposition;

2.      MHA’s Notice Duces Tecum does not invade the attorney client privilege or the work product doctrine. Counsel for American Guarantee has not provided a privilege log as required by Rule 26 and has not demonstrated that a privilege exists. Moreover, the documents requested by MHA are not protected by any privilege;

16

3.      MHA has clearly demonstrated its need to conduct discovery; and

4.      The discovery sought by MHA is directly relevant to MHA's opposition to American Guarantee's premature dispositive motion.

American Guarantee's Motion for Protective Order should be denied and the 30(b)(6) deposition should proceed as noticed on December 19, 2014.

5.      American Guarantee has not met its burden under Rule 26(c) to demonstrate good cause by articulating specific facts showing a clearly defined and serious injury.

However, if counsel for American Guarantee wants to reschedule the 30(b)(6) deposition of the American Guarantee representative, all he has to do is provide alternative dates, something that he has never done.

Respectfully submitted,

By:     /s/ C. Wesley Fowler
        C. Wesley Fowler #18652
        The Fowler Law Firm, PLLC
        25 Dr. M L King Jr. Avenue
        Memphis, Tennessee  38103
        (901) 322-8018 - Phone
        *Attorney for Memphis Housing Authority*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document has been served upon the following counsel of record, via electronically filing, ECF, on this 12th day of December, 2014:

William H. Tate (6797)
Howard Tate Sowell Wilson Leathers & Johnson, PLLC
201 Fourth Avenue North, Suite 1900
Nashville, Tennessee 372119
(615) 256-1125 – Phone
*Attorney for Defendant*

/s/ C. Wesley Fowler
C. Wesley Fowler

17